I'm pleased to announce that there are some things we agree about. The parties at least agree about the standard of review. It's de novo. We are here before the court on review of an arbitration ruling. Consequently, the standard that we must meet as appellants is that we must demonstrate that there was a manifest disregard of the law by the arbitrators that was confirmed by the district court. The general rule also accepted by the other side is that all issues presented in the arbitration must be resolved in the arbitration. We maintain that did not occur. East West Tea Company maintains it did. The issues we believe were not addressed by the arbitrators are the question of ownership of the foreign trademarks that are held by subsidiaries of East West Tea Company at the time that the arbitration was proceeding as well as the question of whether the trademarks that issue included the other monopoly of intellectual property rights that are referred to in the license agreement. The license agreement defines Yogi marks as any marks that are associated with Yogi Bhajan. It goes on to define the HSKY marks as also being included within the Yogi mark definition. And that includes any symbols, insignia, slogans and the like that were used in connection with Yogi Bhajan. Your argument, this part of your argument, is directed towards the district court's confirmation of the third award? Correct. In part. So this assumes that everything that went up to that point was okay and the district court erred in confirming the third award? No, actually. Just as in all cases when we have intermediate orders, we are not able to appeal those until the final award is issued and it is confirmed. So, consequently, our appeal is as to all. I understand that. I understand that. But this particular argument is aimed at the court's eventual confirmation of the third award. The final award, if you will. The final award, yes, there were three awards. The first award established that, in fact, my client is a successor in interest and owner of the trademarks and that East West Tea Company has no rights in the trademarks. It established some damages. It issued an injunction. It awarded costs and the like. And if we could focus on the first award just for a minute because it seems like you are asking this court to reverse this very first award that the district court issued vacating and remanding the first arbitration award. Correct. But I have to say this seems like a very drastic remedy at this point when you consider where the litigation has gone and to bring it here today. Would it even be possible to undo what has happened and go back to that point? Absolutely. What would that look like? What would we decide? Because there have been other awards issued since then. How would that look? Certainly. Let me first simply identify what the other awards did. And you can skip the second one. We know what they did. You've told us and it's in the record. The first award said . . . We own the trademarks. You own the trademark and award damages against . . . But between the time that award was issued and the permit, something happened. There was an assignment by the trust of its interest to EWTC or license. And you went to the district court and said notwithstanding that . . . They tried to raise it below and the arbitrator said not unless both sides agree. Went to the district court and said we'd like you to issue an injunction. That's what the arbitrators did. And the court essentially said, gee, I'm not going to issue an injunction when I have somebody in front of me saying they now have a license. Go back and arbitrate whether they have a license. That's essentially what happened. So what you're saying to us is we should have . . . the court should have stopped there. Should have entered the injunction. We would have had then three years. And now we should send these guys back on the other side to commence a new arbitration to determine precisely what the arbitrators determined when the district court sent it back. And that's . . . it may be what the law requires, but if the law requires that, it's kind of silly. Well, I don't agree. Look, the die is cast by the demand for the arbitration. All the issues that are set forth there need to be decided. The circumstances that are before the arbitrators at that time, as they are before any district court, are the facts that exist at that time. Sure. And those facts may have changed. And if we were only dealing with damages, I'd find your argument compelling. But you went to the district court and said, I want you to issue a judicial order enforceable by contempt, based on the arbitrator's award, that EWTC has no right to use this license. And EWTC came in and said, well, before you do that, Judge, I've got a license in my hand from the half-owner of the . . . And the judge, quite reasonably, I don't know whether the law allows him to, said, wait a minute, let's resolve whether that's a good license before I enter any injunctive relief. What's wrong with that? The FAA, the ASB, all federal rules, civil procedure, all provide that a dispute must be reduced to a judgment. And then if you have subsequent circumstances that warrant amendment, revision, modification, vacature of that judgment, you can do so. But we are entitled to get to a . . . Could the judge have entered the judgment at that point and stayed it pending . . . Could have done that. Okay. And then allowed us the opportunity to have an appeal with respect to the first order, the first award, which had reached . . . But you didn't want to appeal the first award. You loved it. Well, no. We have a problem with respect to the first award. The first award does not address international rights. But you now have that ability. See, if he'd stayed it, isn't that effectively what he did? No. Didn't he say, I'm not going to enter this order until we sort out who owns the license? You took the position in the continued arbitration that the trust didn't have the ability to license DWTC, correct? We maintained they didn't have a right to grant an exclusive worldwide license to our exclusion. Right. That's not possible for a co-owner. So you had a problem with the first order . . . Yes. . . . because you wanted to be able to challenge the international . . . Yes. The demand for arbitration said, EastWest Tea Company is using the rights granted under the license internationally. They've registered trademarks and they've terminated the license, but they're continuing to use the rights and they're claiming ownership of it. They're wrong. The rights belong to us. The intellectual property belongs to us. They terminated the license. They must cease use. As far as that goes . . . Was that an issue raised before the district court with respect to the first award? Yes. Was it? Because you moved to confirm the first award. You didn't come in and say, don't confirm the award because the arbitrators made an incomplete ruling. You came in with that award and said, put the stamp of judicial approval on it. How could you possibly appeal it at that point? You can't appeal an award that you sought confirmation of. You're absolutely correct. Without a doubt, we did seek confirmation because the arbitrators told us at that time, and we had urged them to decide the European rights, the international rights. Right. They said, it is not before us and we refused to hear it. So to put it differently, whatever the arbitrators told you, you had no difficulty whatsoever with the first award. You moved to confirm it, did you not? We moved to confirm it because it would have established the injunction. We don't need to know your reasons. You moved to confirm it. I understand that. But yes, you are right. We moved to confirm it. We did so with a specific intent that with the ability to have the injunction prohibiting further use, that we would come to terms and resolve the remaining issues. Right. You did it saying, I love the first award. I'll either have to commence further litigation or do something to resolve other issues. But I'm happy with this first award. Correct. So I'm going back to your notion that you were somehow deprived of your ability to appeal an award that you were perfectly happy with. Tell me, I don't understand that argument. Well, we were not entirely happy with it, but we were satisfied that a confirmation of that award would have allowed us to advance to a resolution of the remaining issues without starting a new arbitration. The arbitrators were of the view that their jurisdiction was limited to the U.S. rights. They were misguided about that. And perhaps they were misguided because so many of our claims addressed the Lanham Act, trademark infringement, unfair competition under U.S. law that gave us enhanced benefits. What's strange is that you're here saying, I want to be able to argue about non-U.S. rights, but if we had done what you think we should have done, or if the court had done what you think it should have done, which is just confirm the first award, you would have had to commence a new arbitration to do that, right? Correct. And in effect, the court said, go back and raise all these issues and have the arbitrators deal with them in one big bundle. Let's get this all wrapped up in a big final award. And now you can come to us and argue why the final award is no good, but I'm having trouble figuring out why we should go back to ground zero and tell everybody to start over again. So here's what the district court did. The district court said, okay, there are some changed circumstances. Arbitrators go back and revere it. We think he was wrong in doing so. He did not have the authority under the FAA or the ESP or under the Federal Rules of Civil Procedure to do that. He has very limited authority. He must confirm or he must vacate. And he's limited to the record in the arbitration. They were going beyond that. Does the fact that the arbitrators are asking the court to issue an injunction have any effect on that? No. When a court is being asked to issue an injunction, even if it's pursuant to the arbitrator's award, does it have under equity or anything else the ability to look at changed circumstances before it subjects a party to contempt of court? I don't believe so. I think at this stage that we are established, we have an arbitration award. It does not have the effect of law until it's converted into a judgment. Okay. So let me just go back, because procedurally, and this is, I'm sorry, I don't want to cut off Judge McGee. Go ahead. Procedurally, this is what troubles me. Let's assume you're right. Let's assume we just say, look, we should have confirmed the first award judge. That was the end of it. What would have then happened was that these guys would have commenced an arbitration to say we have this license. No, it wouldn't be an arbitration at that point. It would be a modification of a judgment. Well, no, no, I don't think so. I don't think so, because it would be on subsequent facts. See, if they could modify the judgment, then surely the judge could say I'm not going to enter this yet until I take up this stuff. They'd go back and fight, because you fought them on this. You'd go back and fight about the extent of the license that was issued and whether it was worldwide or stuff, and that would have been arbitrated over the course of the next three years. It was. And a final award resulted. And that's the one that we're here talking about. So why shouldn't we just wrap this all up in one ball of wax and review that final award? Because rules are not to be ignored. Because the FAA and the legion of cases that talk about the scope of review and the limitations on a district judge with respect to arbitrations cannot be simply set aside. It is very simple. He could have affirmed it. But what would happen differently? I'm sorry? What would happen differently at this point? He would have affirmed it, confirmed the award. They issued a judgment. They would immediately file an ex parte request to stay. He would grant the stay. He would consider whether changed circumstances warranted a modification, vacature, or that. He may have, he should not have, because he has jurisdiction on it. The license that they obtained from the trustees is not subject to an arbitration agreement. The arbitration agreement is in the original license. It was the district court's responsibility to take on any changed circumstances. So you're suggesting that what should have happened here, and I bet you we can satisfy you if this is what you want. We should say to the district court, well, you should have entered the original award. You should have immediately stated and taken up, without sending it to the arbitrators, the issue of whether or not these guys had a valid license. And then you want to retry that issue now, even though you've tried it for a couple years to the arbitrators. Absolutely. Wow. The arbitrators made mistakes on that. Why? The arbitrators made severe mistakes. They failed to recognize that where a trademark is owned by more than one person, no one person can grant any exclusive licenses. And there's a duty to account to co-owners for the income received from the license. Instead, what the trustees tried to do is say, we're going to charge you this percentage for the use of our rights. But they're not using just the rights. What is the status of the Yogi trademarks at this point? It's in use by EastWest D Company in the United States and through its sister corporations, which were formerly subsidiaries of it, are continuing to be used. Through the license? I'm sorry? Through the license? Through the new license with the trustees. When you say the new license, which one are you referring to? There was one called the ILA, the interim license, which subsequently got converted into a final license. It was the ILA that was in front of the judge at the time? Correct. And have the circumstances otherwise changed? No. My client has never received one dime since 2011 for any uses of these trademarks in the United States or anywhere in the world. Because they parade around claiming that they have an exclusive license, my client is deprived of the rights to use any of those trademarks or intellectual property, because anybody we talk to says, we're not going to get into this dog fight. They claim they have an original, exclusive, worldwide, perpetual license, and they haven't paid us a dime for tens and hundreds of millions of dollars of use. Their international sales exceed $120 million a year. My client is 84 years old, bedridden, and has spent most of the last four months in the hospital. We'd reach the same result in the case if your client was 21 years old and running triathlons. Exactly. So that doesn't help us. I understand that. But if justice needs to be done, my client deserves a right to properly challenge this license, to demonstrate that it is not valid and cannot be granted to our exclusion, and that their use cannot be made pursuant to a half interest if they're using all of the rights. Thank you. Thank you. Thank you. May it please the Court, Joe Van Leuven here for EastWest Tea Company. As you have observed, this is a two-part appeal. The first part, sort of the main thrust of it as I understand it, is regards the panel's failure to address these claims to foreign trademarks in the first award. And the panel decided on a request for correction that those claims had not been submitted to arbitration. And that, as Mr. Sony indicated, that decision is entitled to deference and can only be essentially reversed if it was completely irrational or if it manifested. Have they now been submitted? Pardon me? Have those claims now been submitted into continued arbitration after the first award? They've been submitted in the form of a request for correction in 2017, 8 years after the arbitration. Right, but the arbitrators have still not addressed them. The arbitrators have not addressed them substantively because they weren't part of the original arbitration. So I'm not trying to figure out whether or not the appellant in this case, because the names are difficult, whether the appellant in this case could today raise those claims. I think the appellant could raise those claims in a litigation in Europe because the European trademarks or the foreign trademarks are owned by foreign companies. Well, I'm not worried for the moment where someone would have jurisdiction or not have jurisdiction. You're just not, you're taking the position that those claims remain unlitigated and therefore open? Absolutely. Okay. But the New Mexico, what's the impact of the New Mexico court decision? Didn't they say that the new license was valid? They did. That doesn't relate directly to the foreign trademarks, but they did do that. And I'm glad you brought that up because just in terms of the chronology and the court's questioning, the district, I'm sorry, the New Mexico court actually ruled on those issues before the district court confirmed the first award. Well, the district court didn't confirm the first award. It did. It confirmed the infringement portion of the award. Yeah, I mean, it's sort of a strange confirmation. Yeah. But anyway. It said I'm not going to, I agree there's infringement, but I'm not going to confirm this award yet because new facts have come up that deal with the injunctive part. My point is that the district court indicated and referred to that opinion saying the arbitrators don't need to decide who owns the trademarks or whether that license is valid because in litigation between the two co-owners in New Mexico, that's already been determined. I guess focusing on this first award because I'm trying to see how we can get past that, and I'm not sure that we can, what's your best case to support your argument that the district court was within its authority under the FAA to vacate the first award simply because the arbitrators declined to consider new evidence submitted after the arbitration proceeding closed? Okay. And now we're segueing into the second part of the appeal, which is what I'll call prospective remedy, so the injunction and the damages. And my best argument there, as you know, Section 10 talks about the various ways that somebody can attack or appeal an arbitration award. One of them is that it was not definite. And essentially what the courts have held, and in this court, in the Silver State disposal case, is where an award doesn't address a contingency that arises after the fact such that it's ambiguous, then it is not complete. But it wasn't ambiguous in any way. I'm sorry. Go ahead. Well, what I was going to say is it's an interesting turn of phrase, ambiguous, but what the thrust of the decisions is, is that if it fails to address a contingency, then we don't know what the arbitrators intended. And so, and the cases involving . . . So there's no FAA authority that gave the district court that ability? There's no . . . FAA. Well, it's not in the statute, directly the statute, but . . . And so you're pointing to a case, what's it called, Silver State? Yeah, Brotherhood of Teamsters v. Silver State Disposal. That's 109F3rd at 1409. And that gives a federal court's ability to disturb or, you know, the arbitrator's award? Where there is a contingency that arises that's not addressed, and there are several other cases that talk about this, what it amounts to is that where the facts change, and in this case they did, such that the foundation of this prospective future remedy is undermined, it no longer applies, the court that's asked to confirm that prospective award doesn't know what the arbitrators meant. Well, it does know in this case, though. That's part of the problem. The arbitrators said, we don't want to take . . . we're not treating. You know, the parties want us to treat the effect of this ILE, or the interim license, we'll be happy to, but apparently one of the parties doesn't want us to treat it, and so our award doesn't deal with this. And so we know what the arbitrators intended. They intended not to deal with it. Well, the difference is . . . So why was that so manifestly wrong or completely irrational? That's not my argument. My argument is that it was ambiguous and that it was not final . . . I know, but let's just say maybe we don't agree that it was ambiguous. Then the result is we have to look at the standard that's been made very clear to us by the Supreme Court and other courts that, you know, we can only disturb that award, or for us on review, if that was the case. There are actually two standards, as the courts have viewed the statute. One is, did the panel exceed its powers? And that's where you get into this irrational . . . Right, and you're not contending. And that's not what we're talking about here. We're talking about the second prong, which is that the award wasn't final and definite. And that's where you get into cases like Brownsville Hospital, where the award said, you, the employee, will be reinstated if you see a counselor, and a particular counselor. And then that counselor refused to continue seeing the employee. The employee went and saw another counselor, but the employer said, the award says you've got to see this guy, and therefore we don't have to hire you back. The difference here, and this is why I'm having trouble with this case, I wish you guys could settle it, but you can't, is that the award is very definite. Indeed, the arbitrators were asked to address the issue of the license, of the ILE license, and said, we don't care to. We're only ruling on the facts that existed at the time that we entered our award. We're not worried about subsequent facts. So how do we shoehorn that into the exception you're talking about? I read what they did a little bit differently than that. I think what they did is they thought, for whatever reason, that they didn't have the ability to reconsider or to consider, even though they hadn't entered an award yet. And the arbitration rules make it clear that they could have reopened the hearing, but they didn't. And I think they were just mistaken, honestly, and when they made the second award, when they were given the opportunity and sort of believed they had the ability to reconsider, they did. They invalidated the damages and the injunctions. Well, they were ordered to do so. They were ordered to consider it. They weren't ordered to do anything. Because that was the problem with the second award. The court said, gee, you may have thought I told you to do something. All I told you was to consider it. Then the third award arises. The third award dealt solely with the assignments of these trademarks. But they didn't think, right, I mean, there was that distinction. But I think in terms of just what the arbitrators did on the second award was, it illustrates what they believed the right result was, but they just didn't think at the time it was originally brought to their attention that they could change their minds. And the narrow way to decide this case, I think, is that unlike a lot of the cases where all we're doing is dealing with an award, they made that decision or they were faced with that before the award was even entered. And so I think that they just simply mistook their authority to consider it at that time. I'm trying to figure out the sequence of events here. I know the New Mexico judgment, if you will, occurred before the district court's first order, if you will. Correct? Yes. Did it occur before the arbitration award or in the period between the award and the first order? No, it was after the first award and during the time when the . . . But before the judge's order saying, I'm not going to grant your motion to confirm the first award. Right, right, right. Yeah, exactly. Assume for a moment, God knows how we get past them, that we get past all the procedural issues and we're in effect reviewing a final award at the end of this. Your friend says, wait a minute, there's problems with that award because in effect you guys are acting as the exclusive licensee and you only own half the license. Right. What do we do with that argument? As the license itself states, it's an exclusive license of only the trust's interest in the trademarks. It doesn't restrict BBG's rights in any way. She has the right to go license to somebody else or to start her own company and sell yogi tea. If we enter a judgment in this case, should we say that? Absolutely, if you want to. We understand that and we've always understood that. And there's certainly nothing in the record to support the statements that you heard that they've gone out and tried to talk to other people about that. Well, I don't know whether they have or haven't, but my understanding of the award was that you only had a 50%. You could only license your 50% interest. Absolutely. But that she could license her 50% interest. Absolutely. If there's some doubt about that in anybody's minds and the parties don't disagree about that, then it seems to me somebody ought to say it so that she has a piece of paper to carry around. I'm perfectly fine if you want to do that. What's your best authority that a mistaken belief by the arbitrators is enough? Mistaken belief about? What they could or couldn't do at that point, which you were talking about. Because I'm trying to figure out. I don't think that really goes to the merits of what we're talking about today. It was really just more to explain why they didn't do it then. I think what we're talking about today is was the district court correct in vacating that award, partially vacating that award. And the district court, I believe, was correct because the award was ambiguous. It's interesting because the whole idea of an arbitrator issuing a permanent injunction is a little bit of a sticky wicket, obviously, but where there's an injunction that's going to be entered and the decision maker learns before entering it that the fundamental foundation, you know, the infringement that is the injunction is a remedy for infringement. The going forward. Yeah, going forward. Yeah, because you didn't have that license before. Absolutely. That's the point in time when maybe, Your Honor, we get into the then maybe exceeding your powers at that point, when you basically choose to ignore the clear law. I'm just having a hard time with saying it was ambiguous. I don't see the ambiguity in what they did or what they saw. You know, and as I said, the use of the term ambiguous in the decisions is a little bit of an odd. What it means is that the award did not account for a contingency, you know, that was the basis for the award. Mr. Sone says, it's a procedural argument. Mr. Sone says what you should have done was let the award get confirmed, ask the district court to stay it, and then ask the district court to modify it in light of the license and the New Mexico judgment. I mean, I don't think there's any authority for the district court to modify an arbitrator's injunction. I mean, I think that. So that's my question. So what happens? You enter an injunction. An arbitrator says, enter this injunction and stop Judge Merguia from doing the following because she has no permission from Judge Zips to do so. And then that award gets entered and she goes and gets permission from Judge Zips to do so. How does she, procedurally, how does she assert her rights at that point? Well, it depends on where you are in the. Yeah, let's assume that it was confirmed. If it was already confirmed. Does she have to go back to the arbitrators? I think that, well, the first thing you do is you move to vacate. And if it's been confirmed. Now, where do you move to vacate? In the district court? You would, essentially, I guess your question assumes we did try to vacate and we were overruled. No, I guess my question is, your opponent says here's what you should have done. So I'm trying to figure out how that works. Is there a mechanism for EWTC to go back to arbitration to modify the award if the first award was reinstated? Or would they have to start at the very beginning, you know, new arbitration proceedings? I mean, that's the rub, Your Honor. If the court rules against us, then we have to start a new arbitration and ask a second panel, maybe we can ask for the same people, I don't know, to undo what the first panel did. And that's why I think the district court said it makes more sense to go back to the first panel. I understand that. And clarify their. The question is whether the district court could or should have done that. I mean, had the authority to do that under the FAA, the law we have. If the first award is reinstated, I'm just curious, would, I guess, I was just trying to think about the damages issue here. Would EWTC owe more damages? I mean, if it's not stayed, I guess, if it's. Your opponent says it should have been stayed. So what if we reinstated the first? I'm not sure we should do this. I'm just, what if we reinstated the first award, stayed it, and said, now, technically, you've got to go litigate or arbitrate the validity of the second, of the license? Is it litigate or arbitrate it? Well, we wouldn't. You've already litigated it. A, I think. You've already litigated it and you won't. You would arbitrate. You wouldn't need to litigate. It's already been litigated and it's already been ruled. And it's already been arbitrated. And it's already been. I mean, so. Yeah, I mean, it seems like that's incredibly inefficient. And I think that I do want, I don't have much time left here, but I do want to give the court some other cases that were cited in the briefs. The Brownsville General Hospital, 186F3rd at 326. Colonial Penn, 943F2nd at 327. And Olympia York, 776F2nd, 42. Those are all cases where the district court said, circumstances have changed. These remedies don't really make sense. The arbitrators didn't really give us any guidance on what to do in light of the changed circumstances. We're going to give it back to the arbitrators and let them tell us. It was the same posture? It was the exact same posture as this case? The changed circumstances? I just find. After the, right. The only difference was that it was after the award versus, in this case, there was at least a license before the award. Now, it hadn't been litigated or hadn't been decided by the New Mexico court yet that it was a valid license. You know, the arbitrator didn't want to get into all that. But by the time it came up before the district court, all of that had been decided. I'm not certain you cited all those cases in your briefs. Those were cited in both our briefs. Okay, good. I wanted to make sure. Yeah, and the only one that wasn't is the Olympia York case, which was cited, itself cited for the same proposition in the Colonial Penn case. Okay. I just wanted to make sure we had oversight. Thank you. Thank you. I'll give you three minutes for your. Thank you. I appreciate that. The cases that he cites involved contingencies that were incorporated in the original award that failed to manifest, and creating the ambiguity. We have no such situation here. Counsel is correct. The arbitrators could reopen. The hearings were closed in January of 2011. The awards came out much later. Counsel is right. They could have reopened the arbitration, but only as to matters that were included in the original claims, in the original demands. Let me test your argument. I'm trying to figure out what we do here. So you're saying the district court should, we should order the district court to confirm the first award. You've already said the district court would be perfectly within its rights to stay that award. It would be. And therefore. Over our objections. Over your objections. I don't concede. Okay, I know your objections. It's appropriate. But it would be perfectly within its rights at the time to have stayed that award, pending some further litigation about the. Correct. Now, there was litigation in New Mexico about the validity of the license, was there not? There was not. There was not? There was not. That litigation had to do with the settlement of an estate, and in particular when the trustees transferred nearly $4 million out of the decedent's estate into other accounts for other purposes. So we sought reallocation. So if somebody were going to decide whether the license issued back then to EWTC, too many letters. It would be the district court. The district court would decide. Not the arbitrator. So we should send this, in your view, we should send this back to the district court, tell him he should have stayed this back then, and he should now decide whether or not this license issued back then was valid. Correct. Is that your bottom line? What is the scope? If it's valid, whether it impacts their right to use. No, no, I'm not. What the issue is. Yeah, yeah. You know, the issue of the injunction. The issue that he sent back to the arbitrator. Exactly. Okay. They could not go back to the arbitrator because the arbitrator's source of power is the original license agreement. It has nothing to do with their new license. That may or may not be the case. In other words, what you're saying is he should have stayed it, and then somebody, they think the arbitrators, you think the court should have decided whether the interim license was valid. I understand the qualification your Honor is making. I'm absolutely certain that there's no jurisdiction for the arbitration. Okay, whether you're certain or not doesn't matter to me. I said or, so I gave you your side of it. I'm just trying to figure out procedurally you guys have got us in a little bit of a mess here. Well, we didn't create the mess. We didn't start the fire. Maybe you did. Maybe you didn't. Who knows? We're not looking to lay blame. I'm just trying to figure out what you want. The arbitrators could have reopened only as to matters that were originally in the demand. This is a subsequent matter in the license to somebody else. Or to matters that the parties agreed. Or if the parties voluntarily consent to it. No, it was not within the scope of the original arbitration agreement. It was not subject of the original license. It was an entirely different license that did not have an arbitration provision to which we were not a party. So how does it get resolved? Go back to the district court. Confirm the order. Enter a judgment. Stay it. Allow the parties to litigate the issues before the district court on whether or not this is a changed circumstance sufficient to merit vacature of the injunction, suspension of damages, an obligation that they have to pay for the rights that they are using. Now you're ending on all the stuff that happens if you win. Of course. We're just trying to figure out procedurally how to deal with this. I understand. I was answering Judge Zipf's question as to what happens and who does it. And the answer is it's the district court that must do it at that point. Unless you both decide to go back to arbitration? I'm sorry. Unless you both decide to go back to arbitration? Unless we both stipulate. But even then, I don't believe we could fashion any kind of an arbitration agreement today if we wanted to. But there isn't one to which we are a party that would invoke a determination of the validity of that license and its impact on their rights. Well, did you object to the jurisdiction of the arbitrators to continue? I know you objected to the district court's remand to the arbitrators. But is there any place in this record where you went to the arbitrators and said, wait a minute, you don't have the power to determine the validity of the license? We did when they first asked before the arbitrators for the arbitrators to consider their new license. We said, you don't have jurisdiction to do that. They agreed with us. Now they were subject to ---- Did they agree? I thought they said the license occurred to ---- We don't have jurisdiction. But if you agree, we'll take it up. Well, but they can't take it up if you don't have jurisdiction. I thought they said ---- But if we ---- I thought they ---- I'm risking what they said because I'm going to go back and look at the record. I thought they said, look, we've already finished our award. We're not going to reopen it without the consent of both parties. Is there something that you can point to me in the record where the arbitrators said we don't have jurisdiction to consider that? I think I can. We have an audio record, unfortunately, not a transcribed record. But we can find it. I am certain. I was there. I lived through that. Mr. Van Leeuwen was not. And absolutely positively, when they arrived waving the ILA and saying, hey, you've got to recognize this, they said, no, you don't. I don't see anything in their award, their first award that says we lack jurisdiction to consider this. What they said was at the time, we're not going to take it up unless the parties agree. If they had jurisdiction, they would have been bound to have to take it up. No, no. I can have jurisdiction to consider a post-trial motion, but consider it to, in my discretion, not take it up. Under the FAA, if it's in the demand, if it is a subject matter of the agreement, you have to decide all issues. You do not have discretion to say, I don't feel like it. Okay.  Was it, though, subject matter of the agreement? The subject matter agreement was a license for, between the owners of the trademark, which was originally a living trust of Yogi Bhajan and my client, BBG, in favor of Golden Temple of Oregon, which has now changed its name to EWTC. The license had the arbitration provision that if they use it after, if they use it beyond the scope, if they use it in territories that are not included, if there's any breach, nonpayment, you've got to arbitrate it. Now, they went out and got a new license from somebody else. That's not subject to this arbitration agreement. That's a different agreement that they have and different sets of rights that they are claiming that only manifested after the hearing was concluded, after the award was issued, and then they ran out and negotiated a license. That is outside the scope of what the arbitrators were empowered to do. They had no jurisdiction or authority to do so, and they announced it. Now, Judge Hernandez, the district court, sends it back. Arbitrators cannot ignore an Article III judge's order. They were compelled to take it up and make the decision, and they did, over our objections. And we went back to Judge Hernandez, and we again objected. I might have misunderstood your argument. I thought you were suggesting that the arbiters in the first instance had to consider the ILA if it had been part of the party's agreement as to what was to be arbitrated, but the ILA didn't exist at that time. It did not exist. It did not exist until the entire arbitration was concluded. That's why you can't reopen it. Okay. Thank you. Thank you very much. Thank you both for your arguments here today on this case. The Golden Temple of Oregon v. B.B.G. Inderjit Kaur Puri is now submitted.
judges: Murguia, Hurwitz, Zipps